**Ramona PERALTA, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–6302–ag.

United States Court of Appeals, Second Circuit.

Aug. 2, 2007.

Roberto Tschudin Lucheme, Glastonbury, CT, for Appellant.

Margaret M. Kolbe, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, Scott Dunn, Assistant United States Attorney, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Ramona Peralta, a native and citizen of the Dominican Republic, seeks review of an order of the BIA, adopting and affirming a decision of Immigration Judge ("IJ") Michael W. Straus that denied her application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1). *See In re Peralta,* No. A 92 006 286 (B.I.A. Nov. 1, 2005), *aff'g* No. A 92 006 286 (Immig. Ct. Hartford Nov. 19, 2002). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We conclude, upon a careful review of the record, that we are without jurisdiction to hear Peralta's petition. 8 U.S.C. § 1252(a)(2)(B)(i) bars us from reviewing the discretionary and factual determinations underlying the denial of an application for cancellation of removal. *See De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006); *Barco–Sandoval v. Gonzales,* No. 06–0360–ag, —— F.3d ——, 2007 WL 2189132 (2d Cir. Aug. 1, 2007). Peralta raises no colorable "constitutional claims and questions of law," 8 U.S.C. § 1252(a)(2)(D), that we would have jurisdiction to review. Peralta's allegation that the agency improperly relied on *In re Monreal–Aguinaga,* 23 I. & N. Dec. 56 (BIA 2001), rather than on *In re Recinas,* 23 I. & N. Dec. 467 (BIA 2002), is frivolous because *Recinas* was decided on the authority of *Monreal–Aguinaga. See Barco–Sandoval,* No. 06–0360–ag, slip op. at 9–10, —— F.3d at —— – ——. Peralta's claim that she should have received relief even under the allegedly more stringent *Monreal–Aguinaga* standard represents an unreviewable quarrel over the correctness of the agency's factual findings and discretionary determinations. *See id.* at 10–11, at —— – ——. Finally, we conclude that the BIA did not engage in improper rulemaking when it decided *Monreal–Aguinaga* or violate Peralta's due process rights in relying on *Monreal–Aguinaga* to deny her application.

We have reviewed all of Peralta's remaining arguments and concluded they are without merit. For the foregoing reasons, Peralta's petition for review is **DISMISSED,** and her pending motion for a stay of removal is **DENIED** as moot.