**Javier CERNA, Marta Cerna,
Petitioners,**

v.

**Alberto GONZALES, Respondent.**

Nos. 05–3522–ag(L), 05–3524(con),
05–3523(con).

United States Court of Appeals,
Second Circuit.

Sept. 19, 2007.

Roberto Tschudin Lucheme, Glaston-
bury, CT, for Petitioners.

Paul T. Camilletti, Assistant United
States Attorney, for Thomas E. Johnston,
United States Attorney for the Southern
District of West Virginia, (Peter Keisler,
Assistant United States Attorney, on the
brief), Martinsburg, West VA, for Respon-
dent.

PRESENT: Hon. WALKER, Hon.
GUIDO CALABRESI, and Hon.
ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Jose Javier Cerna Ruiz and
Marta Cerna seek review of a June 9, 2005
order of the BIA affirming the January 13,
2004 decision of Immigration Judge ("IJ")
Michael W. Strauss denying their applica-
tions for Cancellation of Removal under
section 240A(b) of the Immigration and
Nationality Act ("INA"), 8 U.S.C.
§ 1229b(b). *In re Cerna*, No. A92 747 957
(B.I.A. Jun. 9, 2005), *aff'g* No. A92 747 957
(Immig. Ct. Hartford, Ct. Jan. 13, 2004).
We assume the parties' familiarity with the
underlying facts and procedural history in
this case.

Petitioners first claim that in determin-
ing "exceptional and extremely unusual
hardship," the IJ and BIA improperly re-
lied on *In re Monreal–Aguinaga*, 23 I. &
N. Dec. 56 (BIA 2001), rather than on *In
re Recinas*, 23 I. & N. Dec. 467 (BIA
2002). That exact same argument was
rejected by our court in *Barco–Sandoval
v. Gonzales*, 496 F.3d 132, 136–39 (2d Cir.
2007). Accordingly, that claim is not now
colorable and must be dismissed for want
of jurisdiction. *Id.*[1]

---

1. The Cernas' Due Process claims are also not    colorable and must be dismissed.

Petitioners contend that the BIA, in *Monreal–Aguinaga,* improperly abandoned a preexisting standard of relief, that is, that it improperly engaged in rule-making. This argument is colorable and statutory, hence we have jurisdiction to consider it. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326 (2d Cir.2006). It is, however, not meritorious, *N.L.R.B. v. Bell Aerospace Co. Division of Textron, Inc.,* 416 U.S. 267, 294, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974) (finding that agency may use adjudication to announce a new principle, even when the principle involves a change from past policy), and must be denied. Petitioners do not raise the question of whether the BIA, in *Monreal–Aguinaga,* correctly interpreted the statutory definition of "exceptional and extremely unusual hardship," and hence we do not consider it.[2]

We have considered all of petitioners' claims and find them to be without merit. For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. The petition for a stay of removal is DENIED.

---

**2.** The IJ found that Jose Cerna had not met the statutory requirement of ten years of continuous physical presence to be eligible for cancellation of removal under 8 U.S.C. § 1229b. The BIA did not discuss this ground for ineligibility. As it is not necessary to our decision, we do not consider it. Petitioners also argue that the IJ prejudiced the ability of their daughter, Nancy Cerna, to present her application for Cancellation of Removal. As Nancy Cerna is not before us, we also decline to consider this claim.