NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMASA JIMENEZ; MAURICIA VALERIO-JIMENEZ; MAYRA VALERIO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 05-75848 <br><br> Agency Nos. A079-259-200 <br> A078-669-998 <br> A072-403-831 <br><br><br> MEMORANDUM* |
| TOMASA JIMENEZ; MAURICIA VALERIO-JIMENEZ; MAYRA VALERIO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 06-70495 <br><br> Agency Nos. A079-259-200 <br> A078-669-998 <br> A072-403-831 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 16, 2010
San Francisco, California

Before:     TASHIMA and THOMAS, Circuit Judges, and STAFFORD, District Judge.[**]

Tomasa Jimenez, and her adult daughters Mauricia Valerio-Jimenez and Mayra Valerio, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their appeal from an Immigration Judge's ("IJ") denial of their application for cancellation of removal, and denial of their motion for reconsideration.

## Background

The IJ found that petitioners had satisfied three of the four requirements for eligibility for cancellation of removal: continuous physical presence in the United States, good moral character, and no criminal convictions. 8 U.S.C. § 1229b(b)(1). The IJ, however, denied petitioners' application because he found that they had not established that their removal would cause "exceptional and extremely unusual hardship" to their qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D). The BIA affirmed the IJ's decision without opinion.

---

[**]     The Honorable William S. Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

**Jurisdiction**

The Illegal Immigration Reform and Immigrant Responsibility Act removed our jurisdiction to review "denials of discretionary relief," including "any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1229b," which governs the cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). But the REAL ID Act of 2005 amended the law to restore our jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

We retain jurisdiction to review the agency's discretionary denial of cancellation of removal to the extent that petitioners' challenge presents a colorable constitutional or legal claim. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). If the agency "applied the correct legal standard" in evaluating petitioners' case, "we may not proceed further to examine its application of the facts of this case to" that standard. *Id.* at 980. If, however, the agency "failed to follow BIA precedent and misconstrued the statute when determining whether Petitioners had demonstrated 'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D), . . . we have jurisdiction to review" petitioners' challenge to the agency's decision. *See Figueroa v. Mukasey*, 543 F.3d 487, 496 (9th Cir. 2008).

We hold that petitioners' contention that the BIA failed to apply its own binding precedent, *Matter of Recinas*, 23 I. & N. Dec. 467 (BIA 2002), in evaluating Tomasa Jimenez's application for cancellation of removal fails to raise a colorable constitutional or legal claim; therefore, we lack jurisdiction over it. Petitioners' claim is essentially one "that the IJ's decision in this case is factually inconsistent with" the hardship determination it made in *Recinas*. *Mendez-Castro*, 552 F.3d at 980. We may not conduct a review that "would require us [to] step into the IJ's shoes and reweigh the facts in light of the agency's subjective treatment of purportedly similar cases." *Id.* The BIA cited and repeatedly referred to *Recinas*, the correct legal standard. Our inquiry ends there.

Nor do we have jurisdiction to review Jimenez's claim that the BIA committed legal or constitutional error by failing to consider the effect of her removal on Luis, her qualifying relative son, because of his incarceration. The IJ applied the correct legal standard to determine which of Jiminez's relatives were qualifying relatives under the statute and held that she had three qualifying relatives, "Luis, Jose, and Edgar." Therefore, Jiminez's claim of legal error is not colorable. Nor is her claim colorable when characterized as a due process violation. The record indicates that the BIA did review the evidence of potential hardship to Luis, but found that there was none.

4

We therefore lack jurisdiction to review the foregoing claims.

On the other hand, petitioners have identified two colorable legal errors that the BIA made when it applied the incorrect legal standards to its analysis of whether Valerio-Jiminez and Valerio's removal would cause their respective qualifying sons exceptional and extremely unusual hardship. We therefore have jurisdiction over these claims, which we discuss further below.

**Merits**

First, the BIA erred in holding that Valerio-Jiminez and Valerio failed to establish sufficient hardship because they had not proven that their sons suffered from "serious medical conditions." The BIA's precedent does not require a finding of a serious medical condition in order to grant relief. *See Recinas*, 23 I. & N. Dec. at 470. Rather, BIA precedent requires engagement in what the BIA has called "a 'cumulative' analysis," which "requires the assessment of hardship factors in their totality," rather than reliance on specific formal categories such as the IJ did in this case. *See id.* at 472. The BIA thus applied an erroneous and heightened legal standard by putting the burden on petitioners to prove that their sons had serious medical conditions in order to consider them eligible for relief.

Second, the BIA erred in requiring Valerio-Jiminez and Valerio to show that their sons' medical conditions *currently* create a hardship in the United States.

5

This hardship analysis considered only the severity of petitioners' sons' health problems while currently being treated in the United States. This was legal error because our precedent requires the BIA "to consider whether the citizen-children *would* suffer an exceptional and extremely unusual hardship in the future should their parents be removed." *Figueroa*, 543 F.3d at 497 (quoting 8 U.S.C. § 1229b(B)(1)(D)) (emphasis in original). The BIA's precedent requires that "consideration should be given to the age, health, and circumstances of the qualifying members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives." *Recinas*, 23 I. & N. Dec. at 468. The law does not allow the BIA blithely to assume that because Valerio-Jiminez's son's condition can be treated with hospitalization and intravenous antibiotics in the United States, it will not "create an exceptional hardship in the country of return," where such treatment might not be available. *Figueroa*, 543 F.3d at 497.

## Conclusion

For the foregoing reasons, we dismiss the petition for review with respect to Tomasa Jimenez's claims for lack of jurisdiction. We grant the petition for review with respect to Mauricia Valerio-Jimenez and Mayra Valerio's claims, and remand to the BIA so that it may apply the correct legal standards governing hardship

6

analysis and properly consider the effect of said petitioners' removal on their respective children's medical conditions.

**DISMISSED in part, GRANTED in part, and REMANDED.**