**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2385
_____

ROBERT CHAVES,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-639-285)
Immigration Judge:  Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011

Before:  AMBRO, GREENAWAY, JR., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 27, 2011)
_____

OPINION
_____

PER CURIAM

Robert Chaves petitions for review of a final order issued by the Board of

Immigration Appeals ("BIA"). We will deny the petition for review.

1

Because the parties are familiar with the background, we will present it here only briefly. Chaves is a native and citizen of Costa Rica who arrived in the United States in 1989 without being admitted or paroled. In 2004, he was served with a notice to appear, and he conceded removability. He applied for cancellation of removal under Immigration and Nationality Act § 240A (8 U.S.C. § 1229b), asserting that his removal would result in exceptional and extremely unusual hardship to his daughter, who is a United States citizen. He applied for voluntary departure in the alternative.

The Immigration Judge ("IJ") held a hearing on Chaves's application. In summary, Chaves testified that he has been the primary care-giver to his daughter since she was an infant. He stated that he and the child's mother together determined that it would be better for the child to live with him. Chaves is employed full time as an electrician, and he is the sole source of financial support for his daughter. He reported that his daughter had no serious health conditions, is doing well in school, and actively participates in karate. The child's mother lives with the mother's brother's family, and the child occasionally visits her there. Chaves stated that the mother does not work full time, and that she was worried about having to be responsible for taking care of their daughter if he were removed. He also expressed concern that the mother's living space would not be able to accommodate his daughter. Yet he also stated his belief that it would be better for his daughter to remain in the United States if he were removed. He worried that she would have difficulty adapting to life in a new country and a new language. He expressed concern that he would not be able to financially support them in

Costa Rica. Chaves acknowledged that his parents and his brother live in Costa Rica, though he does not have a close relationship with his brother. He stated that his daughter would be affected by his departure from the United States because they had a very special, close relationship.

After hearing Chaves's testimony and considering documents in evidence, the IJ denied Chaves's application for cancellation of removal but granted voluntary departure. The IJ noted that the only issue was whether Chaves demonstrated that his removal would result in exceptional and extremely unusual hardship to his United States citizen child; there was no dispute that Chaves met the other factors for cancellation of removal. Although sympathetic to Chaves, the IJ found that Chaves did not meet the standard for obtaining relief. The IJ ordered Chaves removed to Costa Rica and granted voluntary departure. On April 23, 2010, the BIA issued its decision dismissing Chaves's appeal. In its decision, the BIA also noted that its sympathy for Chaves's situation, but upon its de novo review, it nonetheless agreed with the IJ's conclusion that the testimony and evidence did not establish the requisite level of exceptional and extremely unusual hardship to Chaves's daughter for granting cancellation of removal. This petition for review followed.

As both parties acknowledge in their briefs, we generally lack jurisdiction to review the agency's discretionary decisions made under 8 U.S.C. § 1229b regarding cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). However, we retain jurisdiction to review

3

constitutional claims and questions of law.  See 8 U.S.C. § 1252(a)(2)(D); Mendez-Reyes, 428 F.3d at 189.  Chaves argues that the BIA committed legal error in reaching its decision, specifically, that the BIA misinterpreted his legal argument on appeal, and as a result, the BIA violated his procedural due process rights.  We have jurisdiction to review this narrow argument.[1]

On appeal to the BIA, Chaves argued that the IJ erred in his interpretation of three relevant BIA cases, In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), In re Andazola-Rivas, 23 I. & N. Dec. 319 (BIA 2002), and In re Gonzalez Recinas, 23 I. & N. Dec. 467 (BIA 2002).  Specifically, Chaves argued that the IJ "mistook the difficulty of finding hardship with the difficulty of obtaining cancellation of removal" in applying the BIA's precedent; Chaves contended that, under In re Recinas, "the hardship standard is not so restrictive that only a handful of applicants, such as those who have a qualifying relative with a serious medical condition, will qualify for relief."  J.A. Vol. II at 19 (original quotation and citation removed).  Chaves now contends that the BIA focused only on the IJ's factual findings and failed to address his legal argument concerning In re Recinas.  However, although the BIA noted the salient factual findings in the case, it also considered In re Recinas, In re Monreal, and In re Andazola in concluding that Chaves "raise[d] no arguments on appeal with regard to the issue of hardship to his qualifying

_____

[1]  Chaves states that he "has shown that he is eligible for a grant of cancellation of removal given the facts stated in the record," Pet'r. Brief at 12, but he seeks a remand to the agency on the ground that the BIA did not review his legal argument on appeal.  We do not have jurisdiction to consider an argument that the BIA erred in the exercise of it is

relatives which would cause us to reverse the Immigration Judge's decision." J.A. Vol. I at 3. The BIA thus considered Chaves's argument that the IJ misapplied BIA precedent in its *de* novo review of the hardship issue. Accordingly, we do not believe that the BIA committed a due process violation in rendering its decision.

We will deny the petition for review.

---

discretion.