[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10610

Non-Argument Calendar

_____

ROMULO PINTO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-653-980

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Romulo Pinto seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's denial of his application for cancellation of removal pursuant to the Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b). The government has moved to dismiss Pinto's petition for lack of jurisdiction, asserting that (1) the Immigration Judge's hardship determination is a "purely discretionary" decision that we lack jurisdiction to review, and (2) Pinto, in any event, failed to exhaust his administrative remedies. Pinto contends that we retain jurisdiction over mixed questions of law and fact, including the determination of one's statutory eligibility for relief. As to the merits of his petition, he contends that the Immigration Judge mostly focused on his family's medical issues and failed to weigh any other favorable or adverse factors, contravening BIA precedent as required by due process.

We review our own subject matter jurisdiction *de novo*. *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). When the BIA affirms the IJ's decision without opinion under 8 C.F.R. § 1003.1(e)(4), we review the Immigration Judge's decision as the final Agency determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

Generally, we lack jurisdiction over "any judgment" regarding cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b), including any statutory "eligibility determinations." INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1279 (11th Cir. 2020) (*en banc*), *cert. granted*, *Patel v. Garland*, 141 S. Ct. 2850 (2021).  However, we retain jurisdiction over "constitutional claims or questions of law."  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  In *Patel*, we rejected the government's contention that this jurisdictional bar applies to "discretionary determinations," as opposed to "non-discretionary determinations," that underlie an alien's removal order, and we overruled our precedent that distinguished between "discretionary" and "non-discretionary decisions" in this context.  971 F.3d at 1262, 1276-79.  We clarified that we lack jurisdiction over "factual challenges to denials of" cancellation of removal, but we retain jurisdiction over "constitutional and legal challenges to the denial of that relief, including review of mixed questions of law and fact." *Id.* at 1275-77, 1279.  However, we have jurisdiction only over colorable constitutional or legal claims, and "a party may not dress up a claim with legal or constitutional clothing to invoke our jurisdiction." *Id.* at 1272.

While we retain jurisdiction over final orders of removal, we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claimant's

argument that was not presented to the BIA. *Lin*, 881 F.3d at 867-68. We have applied the exhaustion requirement in cases where the BIA summarily affirmed the Immigration Judge without opinion. *Alim v. Gonzales*, 446 F.3d 1239, 1242, 1253 (11th Cir. 2006). Although not stringent, exhaustion requires that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted). "Though exhaustion does not require a petitioner to use precise legal terminology or provide a well-developed argument" in support of his claims, "it does require that [he] provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted, first alteration adopted). Except for purely legal questions, "the BIA cannot review and correct errors without the petitioner first providing [his] argument's relevant factual underpinnings." *Id.* at 1298. Further, merely identifying an issue to the BIA is insufficient to exhaust a petitioner's claims, as the petitioner must also "set out any discrete arguments [that] he relies on in support of" those claims. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

The Attorney General has discretion to grant cancellation of removal to a nonpermanent resident who shows, among other things, that "removal would result in exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States." INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). In deciding whether removal would result in such hardship, the BIA has held that Immigration Judges should consider various factors

"in the aggregate," including "the ages, health, and circumstances of [the] qualifying [relative]," whether the alien has "a qualifying child with very serious health issues, or compelling special needs in school," and whether the qualifying relative would experience "[a] lower standard of living or adverse country conditions in the country of return." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63-64 (BIA 2001). Other factors include economic loss, inability to reestablish comparable economic stability in the new country, and the loss of a family support system. *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471 (BIA 2002).

As an initial matter, because the BIA affirmed the Immigration Judge without opinion, we review the Immigration Judge's decision as the final Agency decision. Here, Pinto's petition is subject to dismissal for failing to exhaust his administrative remedies. In his brief before us, Pinto makes specific, discrete arguments about the Immigration Judge that were not presented to the BIA in his notice of appeal ("NOA"), and Pinto failed to file a brief with the BIA. Merely identifying the issue of whether the Immigration Judge abused her discretion in denying his application, without any supporting argument, is insufficient to exhaust his claims. Accordingly, we grant the government's motion, and we dismiss Pinto's petition for lack of jurisdiction.

The government's motion to dismiss for lack of jurisdiction is hereby **GRANTED**, and Pinto's petition is **DISMISSED**.