# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

No. 21-60040
Summary Calendar

Fidencio Joaquin Espinosa Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 065 947

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Fidencio Joaquin Espinosa Sanchez petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He contends that the immigration judge failed to properly apply the law in determining

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60040

that he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his daughter.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1). While Espinosa Sanchez claims that his daughter will suffer exceptional and extremely unusual hardship because his situation as a single parent is similar to the circumstances found in *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (BIA 2002), substantial evidence supports the BIA's rejection of this argument because he has family in Mexico, he will only be responsible for the care of one child rather than six, and he will not face institutional discrimination in obtaining employment. Moreover, the consequences facing his daughter if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Because there is nothing in the record compelling a finding that his daughter would suffer exceptional and extremely unusual hardship, substantial evidence supports the determination that Espinosa Sanchez was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

Accordingly, the petition for review is DENIED.