NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0301n.06

No. 21-4003

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 22, 2022
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| MARCOS DE LA CRUZ-FLORES, | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MERRICK B. GARLAND, Attorney General, | ) |
| Respondent. | ) |
|  | ) |

ON PETITION FOR REVIEW FROM
THE UNITED STATES BOARD OF
IMMIGRATION APPEALS

Before: BOGGS, LARSEN, and DAVIS, Circuit Judges.

BOGGS, Circuit Judge. The Board of Immigration Appeals affirmed an immigration judge's denial of cancellation of removal. Marcos de la Cruz-Flores now petitions for review. Because we lack jurisdiction to review the immigration judge's factual findings and the Board correctly applied the law to the facts of his case, we dismiss in part and deny in part the petition.

## I.    Background

Petitioner Marcos de la Cruz-Flores is a Mexican national who entered the United States in 1994. He has lived here continuously since then other than a brief departure around 2000. De la Cruz has four children: three with his first wife and one with his current wife. All four children are United States citizens.

In 2014, the Department of Homeland Security issued de la Cruz a notice to appear for removal proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). He applied for nonpermanent cancellation of removal in 2015 and again, with an updated application, in 2019. Both he and his

wife testified before an immigration judge at an individual merits hearing. During that testimony, de la Cruz explained how he has maintained stable employment since his arrival in Kentucky and has ultimately been able to own and operate a food-truck business. He also explained that he and his first wife separated in 2007. They informally agreed that their three children would live with her and that de la Cruz would pay $600 a month in child support. Due to his work schedule, he is only able to spend time with the children on Mondays. De la Cruz also has an infant son with his current wife. She testified that the two of them live with her parents. Because she, her father, and de la Cruz all work full time, her mother takes care of the child.

The immigration judge denied de la Cruz's request for cancellation of removal.[1] He first held that de la Cruz had satisfied the continuous-physical-presence requirement by remaining in the United States for the past 10 years and did not have any disqualifying convictions. He then held that de la Cruz had not demonstrated the requisite good moral character because of several traffic offenses and alcohol-related offenses, including a DUI in 2014. He also held that de la Cruz had not demonstrated that his removal would cause exceptional and extremely unusual hardship

---

[1] The statute governing discretionary cancellation of removal lays out four requirements that a nonpermanent resident must meet. It reads, in pertinent part:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

to his qualifying relatives;[2] primarily because he is not the primary caregiver for his children and would still be able to provide some, albeit lessened financial support from Mexico.

The Board of Immigration Appeals affirmed that ruling. Because the issue of hardship was dispositive, the Board ruled only on that issue and did not address any other issues raised by de la Cruz on appeal. The Board observed that while de la Cruz's removal would cause emotional and economic hardship to his qualifying relatives, that hardship was insufficient to warrant cancellation of removal.

De la Cruz then appealed to this court. He argues that the Board erred in its hardship determination, and that the immigration judge erred in his moral-character judgment and failure to exercise discretion in his favor. Because the Board correctly applied the law to its hardship determination, we deny the petition for review.

## II.    Analysis

We have jurisdiction to review "'mixed questions of law and fact,' including the BIA's 'ultimate hardship conclusion' in a cancellation-of-removal proceeding." *Araujo-Padilla v. Garland*, 854 F. App'x 646, 649 (6th Cir. 2021) (quoting *Guerrero-Lasprilla v. Barr*, --- U.S. ---, 140 S. Ct. 1062, 1149, 1154 (2020)). While we are permitted to review whether the Board properly applied the law to the facts, we are not permitted to disturb the immigration judge's or the Board's factual determinations or discretionary decisions. *Singh v. Rosen*, 984 F.3d 1142, 1149 (6th Cir. 2021). Our standard of review, however, remains an open question. *See id.* at 1154. Nevertheless, whether we deferred to the Board's conclusions or reviewed them afresh, we would affirm in this case.

---

[2] A "qualifying relative" is a "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Neither party disputes that de la Cruz's four children are the relevant qualifying relatives.

A nonpermanent resident must demonstrate four elements to be eligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1). If the immigration judge finds that any one element is not met, the petitioner is not eligible. One such element is hardship. The petitioner must demonstrate that "removal would result in exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D). Because we affirm the Board's conclusion that the hardship element has not been met, we need not consider the petitioner's argument that the immigration judge erred in determining other elements. And because we may not review discretionary decisions, *Singh*, 984 F.3d at 1149, we do not address petitioner's argument that the immigration judge improperly exercised his discretion.

The hardship standard is "onerous," *Valdez-Arriaga v. Barr*, 778 F. App'x 380, 383 (6th Cir. 2019), and requires the petitioner to show that the harm to qualifying relatives is "*substantially beyond that which ordinarily would be expected to result from the alien's deportation,*" *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001) (some emphasis omitted). The immigration judge must consider all hardship factors in the aggregate. *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 64.

De la Cruz first argues that the immigration judge inaccurately concluded that his children would not suffer financial detriment if he were removed. He claims that he presented uncontradicted evidence that he would be unable to find work in Mexico, and that therefore the judge erred in concluding he would be able to provide some financial support to his family even after removal. We lack jurisdiction to review the immigration judge's factual findings. *Singh*, 984 F.3d at 1149. In any event, the immigration judge did not base his conclusion entirely on de la Cruz's continued ability to provide at least some financial support for the family. The judge held that "even if [de la Cruz] is removed, it remains possible that he can find some employment in

Mexico and continue to provide some financial support" to his ex-wife and three oldest children, but even "[i]f not, there is no evidence that the reduction of $600 per month would result in [his ex-wife] not being able to maintain an adequate household for their three children." As for his youngest son, the judge held that it was "obvious that [de la Cruz] will likely not be able to earn the same income if he is removed to Mexico, he is capable of working and could therefore contribute some financial support to help" his wife support their son. The judge acknowledged that removal would cause his youngest son financial hardship, but that hardship was not "substantially beyond that expected when an alien parent or spouse is removed" because his wife and father-in-law both work, and his mother-in-law provides childcare. The record, therefore, reflects the immigration judge's acknowledgment that removal would cause the qualifying relatives at least some financial harm, albeit not exceptional and extremely unusual harm.

De la Cruz next argues that the immigration judge failed to appropriately consider the psychological harm his removal would cause his children. He claims that the immigration judge improperly disregarded a psychologist's conclusion that the children would suffer long-term psychological dysfunction if their father were removed, based only on the judge's view that the psychologist did not review any medical records. Moreover, he argues, the judge neglected to consider how dangerous Mexico is and how his removal there would negatively impact the children.

Again, whether the children would suffer psychological harm is a factual finding that we lack jurisdiction to review. *Singh*, 984 F.3d at 1149. In fact, however, the judge agreed that the children would suffer from stress and anxiety if their father were removed. Nor did he entirely discount the psychologist's findings. And as the government explains, de la Cruz did not present any evidence that his removal to Mexico would cause his children any more stress than removal

to a different country. Ultimately, though, the immigration judge balanced the fact that de la Cruz's children would naturally suffer emotionally from his departure with the fact that the three oldest children have lived only with their mother for most of their lives and will continue to do so.

De la Cruz also claims that the hardship bar is lowered when a petitioner has multiple qualifying relatives. As the government points out, that is inaccurate. In the case de la Cruz cites for that proposition, the Board concluded that the six children would suffer exceptional and extremely unusual hardship if they and their mother were removed to Mexico because the mother was their sole means of support and care, and they would have no family in Mexico to assist them. *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002). The Board emphasized that "[t]he cumulative factors present in this case are indeed unusual and will not typically be found in most other cases, where respondents have smaller families and relatives who reside in both the United States and their country of origin." *Id*. at 473. The principle is not that having a large family lowers the hardship bar, but that the hardship was unusually high in that case because the sole caregiver was bringing her minor children to a new country without family support. While the size of de la Cruz's family is relevant to hardship, he, unlike the respondent in *Gonzalez Recinas*, is not the sole caretaker of his children; each of the children will remain with their respective mothers in the United States, and the mother of de la Cruz's infant son would have the support of her family.

The record is also clear that the immigration judge considered the various hardships in the aggregate and weighed them against the fact that all four children will continue to receive care from their mothers and other relatives, and will continue to have access to free education and healthcare in Kentucky. Both the immigration judge and Board expressed sympathy for the plainly disruptive and upsetting impact of a parent's removal, but observed that de la Cruz had not

presented any evidence that his removal would provide *substantially more* hardship than normally caused by removal. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 59.

De la Cruz is undeniably hardworking and cares for his family, and his relatives will no doubt be burdened financially and emotionally by his removal. Nevertheless, Congress has mandated that discretionary cancellation of removal is permitted only in exceptional circumstances. Given the fact that all four of his children will continue to be cared for by the same close relatives with whom they currently live, both the Board and the immigration judge did not reversibly err in concluding that this is not the kind of exceptional case warranting a finding of extreme hardship.

We therefore DISMISS in part and DENY in part de la Cruz's petition for review.