NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0422n.06

No. 21-4182

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 20, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOSE ANTONIO RODRIGUEZ LAGUNES, | ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW |
| v. | ) ) | FROM THE UNITED STATES BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| Respondent. | ) ) ) | OPINION |

Before: BATCHELDER, BUSH, and DAVIS, Circuit Judges.

PER CURIAM. Jose Antonio Rodriguez Lagunes petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. As set forth below, we **DENY** Rodriguez Lagunes's petition for review.

Rodriguez Lagunes, a native and citizen of Mexico, entered the United States without inspection in August 1998. In January 2016, the Department of Homeland Security served Rodriguez Lagunes with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), Rodriguez Lagunes admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Rodriguez Lagunes applied for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. At the

hearing on his application, Rodriguez Lagunes presented the testimony of Victor Wagner, a licensed clinical psychologist who had evaluated Rodriguez Lagunes's second oldest daughter, Faride. Wagner testified that Faride suffered from depression and anxiety due to bullying at school and that her pre-existing adjustment disorder was exacerbated by her father's pending removal. Rodriguez Lagunes, who had indicated that his family would accompany him to Mexico if his application were denied, testified about how their relocation to Mexico would impact his five daughters, who ranged in age from five to seventeen at the time of the hearing. The IJ accepted the proffered testimony of four other witnesses: Rodriguez Lagunes's wife, his two oldest daughters, and his employer.

Following the hearing, the IJ issued an oral decision denying Rodriguez Lagunes's application for cancellation of removal but granting his alternative request for voluntary departure. The IJ determined that Rodriguez Lagunes had satisfied three of the statutory requirements for cancellation of removal—his physical presence in the United States for a continuous period of not less than ten years, his good moral character during that period, and his lack of disqualifying convictions—but had failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his daughters. *See* 8 U.S.C. § 1229b(b)(1).

Rodriguez Lagunes appealed the IJ's decision to the BIA. Dismissing the appeal, the BIA agreed with the IJ that Rodriguez Lagunes had failed to establish exceptional and extremely unusual hardship to his daughters.

Rodriguez Lagunes filed a timely petition for review of the BIA's order. "Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is

reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014).

We generally lack jurisdiction to review the denial of discretionary relief in the form of cancellation of removal but retain jurisdiction to consider "constitutional claims or questions of law" underlying that denial. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). As relevant here, "we have jurisdiction to review the Board's ultimate hardship conclusion" because that "conclusion resolves a mixed question about whether the facts found by the immigration judge rise to the level of hardship required by the legal test." *Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021). Although "our review of the conclusion likely should be deferential," we have not yet established what standard of review applies to this question. *Id.* at 1154; *see Araujo-Padilla v. Garland*, 854 F. App'x 646, 649 (6th Cir. 2021); *Velasquez-Perez v. Garland*, 854 F. App'x 40, 41 (6th Cir. 2021). Because the outcome of this appeal is not affected by the standard of review—whether the agency clearly erred, as Rodriguez Lagunes argues, or whether the record compels reversal, as the government contends—we do not decide that question now.

To establish exceptional and extremely unusual hardship, an applicant for cancellation of removal "must provide evidence of harm to his spouse, parent, or child substantially beyond that which ordinarily would be expected to result from" the applicant's removal. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001) (emphasis removed) (quoting H.R. Conf. Rep. No. 104-828 (1996)). "[I]n deciding a cancellation of removal claim, consideration should be given to the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives." *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (BIA 2002). "[A]ll hardship factors

should be considered in the aggregate when assessing exceptional and extremely unusual hardship." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 64.

Rodriguez Lagunes argues that the agency ignored Wagner's testimony as to the severe impact that the family's relocation to Mexico would have on Faride in light of her pre-existing adjustment disorder, and failed to consider the cumulative effect of Wagner's findings on the hardship determination. Contrary to Rodriguez Lagunes's argument, both the IJ and the BIA considered Wagner's testimony and cumulatively assessed that evidence along with the other hardship factors in determining that Rodriguez Lagunes had failed to meet the high standard required to establish exceptional and extremely unusual hardship. The IJ discussed Wagner's testimony about screening Faride for depression and anxiety, including his testimony that her scores worsened when asked to imagine her father's imminent removal. The IJ also acknowledged Wagner's testimony about the difficulties that Faride would face if she relocated to Mexico, an unfamiliar place to her, particularly in light of her pre-existing adjustment disorder. The IJ recognized Wagner's expertise and his concerns about Faride but was unable to find that Rodriguez Lagunes's application for cancellation of removal satisfied the high standard for establishing exceptional and extremely unusual hardship, observing that Faride would have her family with her in Mexico to provide assistance and would "do well with her father at her side." (IJ's Oral Decision 14). On appeal, the BIA likewise weighed Wagner's testimony along with the other hardship factors and agreed with the IJ's conclusion that Rodriguez Lagunes had failed to establish the requisite hardship to his daughters. Rodriguez Lagunes has failed to show that the agency erred in reaching that conclusion.

For these reasons, we **DENY** Rodriguez Lagunes's petition for review.