

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL MIRANDA-SANTANA, AKA Miguel Santana Miranda,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-70471<br><br>Agency No. A205-466-951<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2023[**]
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Miguel Miranda-Santana petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal for certain nonpermanent residents under 8 U.S.C. § 1229b(b)(1). We deny the petition for review.

1. The BIA applied the correct legal standards and did not ignore relevant evidence. The BIA's analysis of the hardships Miranda-Santana's children would face upon their father's removal was plainly forward looking, *see Figueroa v. Mukasey*, 543 F.3d 487, 497 (9th Cir. 2008), *abrogated on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc), and considered the hardship factors cumulatively, *see In re Gonzalez Recinas*, 23 I&N Dec. 467, 472 (BIA 2002) (en banc). Nothing in the record overcomes our presumption that the BIA considered all relevant evidence. *See Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019).

2. Miranda-Santana does not "specifically and distinctly" argue that the BIA improperly applied the "exceptional and extremely unusual hardship" standard in § 1229b(b)(1)(D) to the established facts of his case and therefore forfeits any such claim. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001)). Miranda-Santana's briefing argues that we would have jurisdiction over such a

claim, but does not address the merits of the hardship question. That is, Miranda Santana does not explain why the established facts of his case amount to exceptional and extremely unusual hardship to a qualifying relative upon removal.

**PETITION DENIED.**