*Perez-Marcos v. Garland*

BIA
Hochul, IJ
A206 471 720

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

PRESENT:
RICHARD C. WESLEY,
GERARD E. LYNCH,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

BALVINO ISAAC PEREZ-MARCOS,

*Petitioner*,

v.                                                                              23-7748

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

_____

FOR PETITIONER:                    Matthew    K.    Borowski,    Borowski    Witmer

Immigration Lawyers, Buffalo, NY.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED IN PART** and **DENIED IN PART**.

Petitioner Balvino Isaac Perez-Marcos, a native and citizen of Guatemala, seeks review of an October 16, 2023 decision of the BIA. In that decision, the BIA denied Perez-Marcos's motion to remand for consideration of additional evidence and affirmed the February 6, 2019 decision by an Immigration Judge ("IJ") to deny his application for cancellation of removal. *In re Balvino Isaac Perez-Marcos*, No. A206 471 720 (B.I.A. Oct. 16, 2023), *aff'g* No. A206 471 720 (Immigr. Ct. Buffalo Feb. 6, 2019). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). To be eligible for cancellation of removal, Perez-Marcos had the burden to establish that his removal would cause his three U.S. citizen daughters "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D); *see id.* § 1229a(c)(4)(A)(i) (placing burden of proof on applicant for

2

relief).   To meet this high standard, he had to "establish that his [daughters] would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of [a noncitizen] with close family members here."   *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001).   The agency considers hardship factors in the aggregate, including "the ages, health, and circumstances of qualifying . . . relatives."   *Id.* at 63.   "A lower standard of living or adverse country conditions in the country of return are factors to consider . . . insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship."   *Id.* at 63–64.

Our review of the agency's denial of cancellation of removal is limited to constitutional claims and questions of law.   8 U.S.C. § 1252(a)(2)(B), (D).   The latter category includes mixed questions of law and fact.   *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).   Whether an agency erred in applying the hardship standard to established facts is a mixed question of law and fact that we may review.   *See id.*   We may not, however, review the factual findings underlying the agency's determination, such as findings regarding levels of financial support.   *See id*.   Furthermore, although we generally review questions of law *de novo*, *see Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023), where, as here, a "mixed question is primarily factual, [our] review is deferential," *Wilkinson*, 601 U.S. at 225.

3

Perez-Marcos challenges the agency's finding that he could financially provide for his children if he were removed to Guatemala. The IJ found that Perez-Marcos would be able to financially support his daughters "to some degree" based on his expressed intent to work in the agriculture industry in Guatemala, that his daughters would remain with their mother who could support them, and that his daughters would be eligible for social services. CAR at 137–38. Because we may not review those findings of fact, Perez-Marcos's challenge to them is unavailing. *See Wilkinson*, 601 U.S. at 225 ("[A]n IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable.").

Perez-Marcos further argues that the IJ erred by "minimiz[ing]" his having lived with his children prior to 2017. Petitioner Br. at 13. The IJ, however, found that Perez-Marcos is an "involved and devoted father." CAR at 138. And while Perez-Marcos contends that the "agency did not conduct a full analysis of what life would be like for [his] children in Guatemala," Petitioner Br. at 16, the IJ found, based on Perez-Marcos's testimony, that the children would remain in the United States after his removal. As with the agency's findings regarding his ability to financially support his daughters, these factual findings are unreviewable.

Perez-Marcos has not otherwise demonstrated an error of law. Contrary to his claim, the IJ considered the hardship factors in the aggregate. In addition to financial

4

hardship, the IJ considered emotional hardship, acknowledging that Perez-Marcos has a good relationship with his daughters. The IJ further considered the familial and social services support the children would have access to in the United States, notwithstanding Perez-Marcos's absence. *Cf. In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471 (B.I.A. 2002) (finding hardship standard met where the children were "entirely dependent on their single mother for support"). And the IJ noted that the children were "healthy" and "do[ing] well" in school. *Cf. In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64 (noting that a "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school"). Additionally, although the IJ considered evidence of conditions in Guatemala, the IJ also determined that the children would remain in the United States with their mother. Given those established facts, the agency did not err in concluding that he failed to show "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D); *see In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–65.

The BIA also did not err in declining to remand for consideration of evidence Perez-Marcos submitted on appeal. We review that decision for abuse of discretion. *Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and a movant's failure to proffer previously unavailable evidence or demonstrate his prima facie eligibility for relief are permissible grounds for denying a

5

motion to remand. *Id.* at 156. Perez-Marcos's new evidence showing violence in Guatemala was immaterial because he had previously testified that his children would remain in the United States with their mother. Moreover, Perez-Marcos's evidence regarding his continued emotional and financial support of his daughters was not new because the IJ had considered similar evidence and had already found that Perez-Marcos emotionally and financially supported his daughters. The BIA therefore did not abuse its discretion by determining that the new evidence was not dispositive to the case's outcome.

For the foregoing reasons, the petition for review is **DISMISSED IN PART** and **DENIED IN PART**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6