**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1841
_____

OSBELI BERDUO-DELEON,
a/k/a Osveli Berduo-Deleon,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-630-905)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2012

Before:  SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: December 20, 2012)
_____

OPINION
_____

PER CURIAM

    Osbeli Berduo-Deleon petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Berduo-Deleon, a native of Guatemala, entered the United States in 1990. In 2008, he was charged as removable as an alien present in the United States without being admitted or paroled. Berduo-Deleon conceded removability and applied for cancellation of removal. After a hearing, an Immigration Judge (IJ) denied his application because he concluded that Berduo-Deleon had not shown that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives. The BIA agreed with the IJ and dismissed Berduo-Deleon's appeal. Berduo-Deleon filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to cancellation of removal. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). In order to qualify for cancellation of removal, Berduo-Leon needed to show, inter alia, that his removal would cause "exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(1)(D).

Berduo-Deleon argues that the Board did not consider the entire administrative record and applied the wrong standard of review. He argues that his case is similar to Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002), a case in which the requisite hardship was established. However, in Matter of Recinas, the petitioner was a single parent and sole source of support for six children who would accompany her if she were removed to Mexico. Here, the BIA noted that Berduo-Deleon is not the sole source of support for his five citizen children who would stay with their citizen mother in the United States. A.R.

2

at 4. To the extent that this argument raises an issue of law, the BIA did not err in its application of <u>Matter of Recinas</u>. Likewise, the BIA did not err in rejecting Berduo-Deleon's arguments that his daughters would be exposed to adverse conditions in Guatemala.

Berduo-Deleon also argues, without elaboration, that the BIA abused its discretion in denying his request for relief. To the extent he is raising a claim of legal error, he has given no explanation how he believes the Board erred.

For the above reasons, we will deny the petition for review.