NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0564n.06

No. 18-3273

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JOSE ROSALIO MARTINEZ,

    Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

**FILED**
Nov 07, 2018
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

---

Before: COLE, Chief Judge; GRIFFIN and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2013, Jose Rosalio Martinez was arrested and turned over to U.S. Immigration and Customs Enforcement, which determined that Martinez was not authorized to be in the United States. The government commenced removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i). During these proceedings, Martinez admitted that he was not authorized to be in the country, but argued that he was eligible for relief under 8 U.S.C. § 1229b(b)(1), which grants the Attorney General discretion to cancel an alien's removal if several statutory criteria are met.

An immigration judge determined that Martinez had failed to show that his removal would cause "exceptional and extremely unusual hardship" to those members of his family who were lawfully present in the United States. *See id.* § 1229b(b)(1)(D). The immigration judge thus deemed Martinez ineligible for relief. Martinez appealed to the Board of Immigration Appeals, which affirmed. This petition followed.

Martinez argues that the Board failed to consider "the totality of the circumstances" as required by the Board's cases. When an alien appeals the government's refusal to cancel his removal, we have jurisdiction to review only questions of law, which include deciding whether the Board applied the legal standard articulated in its cases. *See Ettienne v. Holder*, 659 F.3d 513, 517-18 (6th Cir. 2011); *see also* 8 U.S.C. § 1252(a)(2)(D). The Board's cases require immigration judges to consider numerous "hardship factors" in "a cumulative analysis" when deciding whether an alien's removal would cause an "exceptional and extremely unusual hardship." *See, e.g.*, *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472-73 (2002). Both the Board and the immigration judge applied this standard: the Board's order considered "the hardship factors cumulatively," and the immigration judge's order "weighed all the evidence of record both individually and cumulatively." Apart from this review, we lack jurisdiction to decide whether the Board "failed to consider or put insufficient emphasis on particular factors." *See Ettienne*, 659 F.3d at 518-19; *see also Lopez v. Sessions*, 851 F.3d 626, 632 (6th Cir. 2017).

Martinez's petition is thus dismissed in part and denied in part.