**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARIO GUZMAN-CORONA,

    Petitioner,

v.

MERRICK B. GARLAND, Untied States
Attorney General,

    Respondent.

No. 22-9582
(Petition for Review)

_____

**ORDER***

_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

An Immigration Judge ("IJ") denied Petitioner Mario Guzman-Corona's

application for cancellation of removal.  The Board of Immigration Appeal ("BIA")

dismissed his appeal.  Petitioner has filed a petition for review.  We dismiss the petition

for lack of jurisdiction.

---

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

I.

In 1997, Petitioner, a citizen and native of Mexico, entered the United States without authorization. Twenty years later, the United States government began removal proceedings. Petitioner applied for Cancellation of Removal for Certain Nonpermanent Residents under § 240A(b) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1229b(b). During the proceedings, Petitioner testified that he saw his children almost daily and paid child support. Petitioner expressed concern that he would never see his children again as their mother, his ex-wife, made no effort to have the children visit him while he was in detainment. And he feared emotional and financial harm for his children upon his removal. The IJ denied Petitioner's application because he did not establish that his children would suffer exceptional and extremely unusual hardship upon his removal.

Petitioner appealed the IJ's denial and requested to remand the record for additional consideration of his application. Petitioner presented new evidence that, after his ex-wife moved to another city, his oldest child decided to live with him. He also claimed that his oldest child cannot pay for his college and living expenses alone, and thus will be unable to attend college. Despite the additional evidence, the BIA affirmed the IJ's decision and denied Petitioner's request for remand, concluding that Petitioner's children would not experience exceptional and extremely unusual hardship. Petitioner appeals.

2

II.

Because a single member of the BIA issued an order affirming the IJ's decision, we review both the BIA's decision and any parts of the IJ's decision upon which the BIA relied. Dallakoti v. Holder, 619 F.3d 1264, 1267 (10th Cir. 2010) (quoting Razkane v. Holder, 562 F.3d 1283, 1287 (10th Cir.2009)). We lack jurisdiction to review the BIA's discretionary decision on whether a petitioner's qualifying relative will suffer an exceptional and extremely unusual hardship. Galeano-Romero v. Barr, 968 F.3d 1176, 1182–83 (10th Cir. 2020) (discussing 8 U.S.C. § 1252(a)(2)(B)(i)). But under "§ 1252(a)(2)(D), we retain jurisdiction over questions of law that arise from the [BIA's] hardship determination." As such, "we have jurisdiction to review a claim that the [BIA] departed from its own adopted hardship standard, by ignoring it or favoring some other inapplicable standard." Id. (citing Aburto-Rocha v. Mukasey, 535 F.3d 500, 503 (6th Cir. 2008)). We review questions of law de novo. Martinez-Perez v. Barr, 947 F.3d 1273, 1277 (10th Cir. 2020) (citing Sosa-Valenzuela v. Holder, 692 F.3d 1103, 1109 (10th Cir. 2012)).

Petitioner argues that the BIA departed from its legal precedent when the BIA and the IJ failed to account for the totality of the circumstances. Petitioner is incorrect. The BIA did not depart from its legal precedent. For cancellation of removal, the IJ must consider all hardship factors in the aggregate. Monreal-Aguinaga, 23 I&N Dec. 56, 64 (2001). Here, the IJ determined that "none of [Petitioner's hardship] factors individually rise to the level of exceptional and extremely unusual hardship. And in the aggregate, they do not meet that burden as

3

well." The BIA also asserted that the IJ "considered the aggregate effect of the relevant factors." We agree with the BIA and conclude that the IJ considered the aggregate effect of the relevant factors. Thus, the IJ and the BIA did not depart from legal precedent.

Petitioner also argues that his situation is indistinguishable from <u>Recinas</u>, 23 I&N Dec. 467 (BIA 2002), where the petitioner—a single mother of four children with United States citizenship and who carried the family's financial burden—was entitled to cancellation of removal. But we lack jurisdiction if "the [IJ and BIA] acknowledges its standard and exercises its discretion within the bounds of its precedents' cabining of such discretion." <u>Galeano-Romero</u>, 968 F.3d at 1183. Here, the IJ and BIA considered <u>Recinas</u> in their decision and exercised their discretion within the bounds of said precedent. The IJ discussed how Petitioner's situation was more like <u>Monreal-Aguinaga</u> than <u>Recinas</u>. "That the [BIA] has announced a standard to aid its hardship determination does not create jurisdiction for us to review the [BIA's] *application* of that standard." <u>Galeano-Romero</u>, 968 F.3d at 1183. Because the BIA and IJ did not depart from legal precedent, we find no legal error. As such, we lack jurisdiction to consider Petitioner's claim and DISMISS his appeal.

Entered for the Court

Joel M. Carson III
Circuit Judge