**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL GIRON ARREGUIN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3608

Agency No.
A209-805-549

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2025[**]
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Daniel Giron Arreguin ("Petitioner"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order by an immigration judge ("IJ") denying his

application for cancellation of removal. We have jurisdiction under 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1252. Where, as here, the Board "conducts its own review of the evidence and law," the court's review is limited to the Board's decision, except to the extent the IJ's decision is "expressly adopted" by the BIA. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (citation omitted). We deny the petition.

The agency determined that Petitioner was not eligible for cancellation of removal because he did not establish that his removal "would result in exceptional and extremely unusual hardship" to his U.S. citizen children or lawful permanent resident ("LPR") parents under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review this determination as a mixed question of fact and law, but because "this mixed question is primarily factual," our "review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).[1] The agency's findings of fact underlying this determination—"[f]or instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides"—are unreviewable. *Id.*

To establish an "exceptional and extremely unusual hardship," a petitioner "must prove that his citizen relatives would suffer hardship substantially beyond that which would ordinarily be expected to result from" his removal. *Chete Juarez*

---

[1] Because *Wilkinson* did not define the "deferential" review required for review of "exceptional and extremely unusual hardship" determinations, 601 U.S. at 225, we recently held that "substantial evidence" review applies, *see Gonzalez-Juarez v. Bondi*, No. 21-927, slip op. at 11 (9th Cir.). No matter what "deferential" review applies, we would deny the petition.

*v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (internal quotation marks and citation omitted). "[I]n evaluating hardship, the BIA considers the ages, health, and circumstances of qualifying relatives." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (internal quotation marks omitted).

Here, the agency found that Petitioner is currently the sole financial support for his four children, who are United States citizens, but also that his four children do not suffer from any medical or educational problems. Petitioner's children intend to remain in the United States with their mother, who is Petitioner's wife. In the United States, Petitioner has eight siblings with lawful status and one without lawful status. The agency determined that although Petitioner's removal would impact his children financially and emotionally, those impacts were not "beyond that which would ordinarily be expected to result from" his removal. *Chete Juarez*, 376 F.3d at 949 n.3.[2]

With respect to Petitioner's LPR parents, it was "not clear what, if any,

---

[2]    Petitioner argues the argues that the agency improperly failed to follow its prior decision *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002). That decision, however, is distinguishable because in that case the single mother, who was subject to the removal order, was the sole means of support for her four U.S. citizen children who would have returned to Mexico with their mother, even though the "children kn[ew] no other way of life" and "[did] not speak Spanish well, and they [were] unable to read or write in that language." *Id.* at 471-72. Here, by contrast, petitioner's children intend to remain in the United States with their mother.

financial support the [Petitioner] provid[ed]" to them. Although Petitioner's mother does have a medical condition, the agency concluded that her "conditions are stable and that other family members, including the [petitioner's] sister-in-law, can help the mother attend medical appointments."

Petitioner does not identify any argument or factor the agency failed to consider, but instead simply disagrees with the agency's weighing of those matters. Given the deferential standard of review, *Wilkinson*, 601 U.S. at 225, we conclude that the agency did not err in its determination that Petitioner failed to satisfy the eligibility standard for cancellation of removal.[3]

**PETITION DENIED**.

---

[3] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 10.