**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1313**

JAVIER GARCIA RAMOS,

　　　　　Petitioner,

　　v.

PAMELA JO BONDI,

　　　　　Respondent.

On Petition for Review of An Order of the Board of Immigration Appeals.

Submitted:  August 28, 2025                    Decided:  September 2, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Nash J. Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Yaakov M. Roth, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Garcia-Ramos petitions for review of the Board of Immigration Appeals decision affirming an Immigration Judge's denial of his application for cancellation of removal. When the government seeks to remove a noncitizen and an Immigration Judge finds that the noncitizen is removable, the noncitizen can seek discretionary relief from removal. *See* 8 U.S.C. § 1229(b). Relevant here, a noncitizen may seek cancellation of removal if the noncitizen meets certain statutory criteria, including that his removal would result in exceptional and extreme hardship to the alien's qualifying citizen relatives. 8 U.S.C. § 1229b(1). Here, the Immigration Judge and Board of Immigration Appeals found that Garcia-Ramos failed to demonstrate that his removal would impose exceptional and extremely unusual hardship on his qualifying wife, biological son, and his two stepchildren.

To establish statutory eligibility for discretionary cancellation of removal, a petitioner must (1) have been continually present in the United States for at least 10 years; (2) have demonstrated good moral character during that time; (3) have not committed a disqualifying offense; and (4) show that their removal will cause "exceptional and extremely unusual hardship" to a qualifying family member who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1). The Government stipulated to all but the fourth element. The Immigration Judge considered Garcia-Ramos's evidence concerning the hardship element individually and in the aggregate, including the financial hardship Garcia-Ramos's removal would cause financial hardship for his family; diminished educational opportunities his children would suffer; his children's medical conditions; the ages of the children, and the impact of Ramos's removal on Ramos's wife's

mental health.  The Immigration Judge found that Ramos failed to show his wife, son, and stepchildren would suffer exceptional and extremely unusual hardship if he were removed. On appeal, the Board found no clear error in the Immigration Judge's factual findings, adopted the reasoning of the Immigration Judge, and affirmed the denial of Ramos's application for cancellation of removal on the basis that Ramos failed to demonstrate the statutorily required hardship.

Our jurisdiction over decisions of the Board of Immigration Appeals is limited.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).  Although we may not review an Immigration Judge's factual findings, we may review questions of law arising from decisions denying discretionary relief.  *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *Cortes v. Garland*, 105 F.4th 124, 132 (4th Cir. 2024).  This jurisdiction extends to mixed questions of law and fact, including whether "settled facts meet the legal standard."  *Cortes*, 105 F.4th at 132.

When the Board of Immigration Appeals affirms and adopts the Immigration Judge's decision, this Court reviews the decisions of both the Immigration Judge and the Board. *Cabrera v. Garland*, 21 F.4th 878, 883 (4th Cir. 2022).  Although the standard of review will depend on whether a case presents a primarily factual or primarily legal question, we review the Immigration Judge and the Board's rulings on this issue with deference.  *Cortes*, 105 F.4th at 133-34.  We need not resolve the amount of deference owed here because regardless of the standard applied, "the results of our analysis do not differ."  *Id.* at 134.

For hardship to be exceptional and extremely unusual, it must be "substantially beyond the ordinary hardship that would be expected when a close family member is

3

removed." *Gonzalez Galvan v. Garland*, 6 F.4th 552, 561 (4th Cir. 2021) (cleaned up), *abrogated in part on other grounds by Wilkinson*, 604 U.S. 209. In assessing hardship, relevant factors include the qualifying relative's age, health, length of residence in the United States, and family and community ties in the United States and abroad. *See Matter of Monreal*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001); *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 319–22 (B.I.A. 2002); *Matter of Recinas*, 23 I. & N. Dec. 467, 468–70 (B.I.A. 2002).

The Immigration Judge found that Garcia-Ramos could find work in Mexico to continue providing financial support to his family. The Immigration Judge further found Garcia-Ramos's son and stepchild may suffer anxiety and hardship if he was removed, but nothing in the record showed his removal would cause extreme or unusual hardship with regards to their medical conditions or education. Specifically, Garcia-Ramos's son and stepson's asthma and breathing issues and his step-daughter's eczema were all controlled with treatment. The Immigration Judge further found that Garcia-Ramos's wife would face difficulties if Garcia-Ramos were removed, but none that rose to the level of an extreme and unusual hardship. We agree with the Board that, on the facts found, the Immigration Judge did not err by concluding that while Garcia-Ramos's family would suffer difficulties, the hardship is not so far beyond the hardship inherent in the removal of a parent or husband as to be exceptional and extremely unusual.

We therefore find no error in the decisions. For the reasons set forth above, the petition to review the order of the Board of Immigration Appeals is denied. We dispense

4

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*PETITION DENIED*