NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MASSIEL EUGENIO CONTRERAS-QUINTERO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4729

Agency No.
A208-197-916

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and HURWITZ, Circuit Judges.

Massiel Eugenio Contreras-Quintero seeks review of a Board of Immigration

Appeals ("BIA") decision affirming the order of an Immigration Judge ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for cancellation of removal. He also raises for the first time a claim that his removal order was invalid because he did not concede removability.

We review the agency's determination regarding exceptional and extremely unusual hardship for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). To qualify for cancellation, an applicant must establish that removal will result in hardship that is *substantially* beyond the hardship ordinarily associated with removal from the United States. *Id.* at 1005–06. "It must deviate, in the extreme, from the norm." *Id.* at 1006. The agency must consider the cumulative hardships, taking into consideration the age, health and circumstances of the qualifying family members. *Id.* (citing *Matter of Monreal-Aguinaga*, 23 I & N Dec. 56, 63 (BIA 2001)). It should also consider family and social support, whether the respondent is the sole means of support for the qualifying relative, and the future prospects for lawful immigration. *Matter of Recinas*, 23 I & N Dec. 467, 470–71 (BIA 2002).

Contreras-Quintero sought relief based on hardship to his father but introduced no evidence other than the emotional and psychological hardship from separation that is attendant with any removal. The IJ and BIA adequately analyzed the sparse record established by Contreras-Quintero and concluded he had failed to satisfy the standard for relief; the record does not compel a contrary finding. *See Gonzalez-Juarez*, 137 F.4th at 1005–08.

For the first time before this Court, Contreras-Quintero contends his removal order was improper because he did not concede removability. Under 8 U.S.C. § 1252(d)(1), we cannot review a final order of removal unless a petitioner has "exhausted all administrative remedies available to the alien as of right." Although the Supreme Court has held that this exhaustion requirement is not jurisdictional, it is a claim-processing rule that must be enforced if a party properly raises it. *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because the government has raised absence of exhaustion, we decline to address removability.

**PETITION DENIED.**