NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0574n.06

Case No. 25-3226

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 10, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JORGE ORDONEZ HERNANDEZ, | ) | |
| Petitioner, | ) ) ) | ON PETITION FOR REVIEW OF THE DECISION OF THE BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| PAMELA BONDI, Attorney General, | ) ) | OPINION |
| Respondent. | ) ) | |

Before: SILER, KETHLEDGE, and MATHIS, Circuit Judges.

**SILER, Circuit Judge.** Jorge Ordonez Hernandez ("Hernandez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") decision affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Because the agency applied the correct legal framework and reasonably concluded that Hernandez failed to establish "exceptional and extremely unusual hardship" to his qualifying relatives, we deny the petition for review.

**I.**

Hernandez first entered the United States without inspection in 1998, departed in 2000, and reentered without admission in 2003, where he has resided since. In 2016, the Department of Homeland Security ("DHS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). He conceded removability and applied for cancellation of removal, asserting

hardship to his U.S.-citizen son, Alex, and three U.S.-citizen stepchildren—Brayson, Jonathan, and Emily.

At his merits hearing in 2020, Hernandez testified that he married Eva Ledesma Castro in 2016 and became stepfather to her children, but that he and Eva had separated about two years earlier and lived apart. He maintained regular contact only with his stepdaughter Emily, taking her to church weekly and paying her cellphone expenses. He had limited contact with the two stepsons.

Hernandez also testified about his U.S.-citizen son, Alex, who lives with his mother, Laura Hernandez, an unemployed U.S. citizen who relies on food stamps to support her five children. Hernandez has no custody order and sees Alex only occasionally, providing roughly $100 on about ten occasions. He stated that Laura suffers from a brain tumor and that he might try to take Alex to Mexico if removed, though he acknowledged the difficulty of doing so without custody rights. He submitted no medical records for Laura. Hernandez works steadily and filed taxes but admitted that he had used fraudulent identification documents purchased in 2008.

The IJ found Hernandez credible but concluded that he failed to establish the required hardship to a qualifying relative under § 1229b(b)(1). The IJ found that he had lived apart from the stepchildren for two years, provided minimal financial assistance, and none of the children had serious medical or educational needs. The IJ denied cancellation of removal but granted voluntary departure.

The Board affirmed the IJ decision. By the time of the Board's decision, two stepchildren were over the age of 21 and, according to the Board, no longer "children" under 8 U.S.C. § 1101(b)(1). The Board nonetheless considered hardship to all children and agreed with the IJ that the evidence, even when aggregated, did not rise to "exceptional and extremely unusual

hardship." The Board also noted that while it was sympathetic to Laura's health issues, those issues did not implicate a qualifying relative.

Hernandez timely sought review.

## II.

The court lacks jurisdiction to review the agency's factual findings underlying a cancellation decision but retains jurisdiction to review the ultimate hardship determination as a mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 217, 222 (2024); *Singh v. Rosen*, 984 F.3d 1142, 1154–55 (6th Cir. 2021). Our review of that mixed question is deferential. *Singh*, 984 F.3d at 1154–55.

To qualify for cancellation of removal, a nonpermanent resident must demonstrate, among other elements, that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The Board has described this standard as a "high threshold," requiring hardship "substantially beyond that which would normally be expected" from removal. *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468, 470 (B.I.A. 2002); *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). This court has consistently recognized the demanding nature of this requirement. *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 422 (6th Cir. 2024).

## III.

### A.

Hernandez argues that the IJ and Board failed to conduct a proper cumulative hardship analysis and undervalued evidence regarding Laura's medical condition and economic circumstances. But the agency cited and applied the correct legal framework. The IJ relied on *Monreal-Aguinaga* and *Gonzalez Recinas* and expressly evaluated hardship "in the aggregate."

The Board adopted the IJ's analysis and cited *Monreal-Aguinaga* in reaffirming the correct standard. Because both adjudicators applied the proper test, Hernandez's legal challenge fails.

**B.**

Hernandez argues that his financial and emotional support for Emily and Alex, combined with Laura's medical condition, suffices to demonstrate exceptional hardship. But the record supports the Board's contrary determination.

Hernandez had lived apart from the stepchildren for two years. He maintained regular involvement only with Emily. He provided limited and sporadic financial support to Alex—about $100 on 10 occasions. He lacked custody rights. No medical records substantiated Laura's brain tumor. And none of the children had documented medical issues or special needs.

The IJ and Board permissibly concluded that these circumstances—while difficult—reflect the ordinary consequences of removal. *See Moctezuma-Reyes*, 124 F.4th at 422.

**C.**

Hernandez next argues that we should consider his two stepsons children under 8 U.S.C. § 1101(b)(1), even though they aged out during his appeal to the Board. Under binding precedent, we determine the age of a qualifying "child" on the date the immigration judge issues his decision. *Perez v. Bondi*, No. 25-3146, 2025 WL 3251134, at *1 (Nov. 21, 2025 6th Cir. 2025). Hernandez's stepsons therefore qualify as children because they were under the age of 21 when the immigration judge adjudicated Hernandez's application. Although the Board incorrectly stated that Hernandez's stepsons were no longer qualifying relatives, it nonetheless evaluated hardship to all Hernandez's children —including his stepsons—and reached the same conclusion as the immigration judge.

**IV.**

Because the Board applied the correct legal standard and reasonably determined that Hernandez failed to establish "exceptional and extremely unusual hardship" to a qualifying relative, we **DENY** the petition for review.