**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO HERNANDEZ-VELASCO, | No. 19-71168 |
| Petitioner, | Agency No. A205-576-046 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Ernesto Hernandez-Velasco, a native and citizen of Mexico, petitions for

review of a final order of the Board of Immigration Appeals (BIA) affirming an

immigration judge's (IJ) denial of cancellation of removal, withholding of

removal, and protection under the Convention Against Torture (CAT), and denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his motion to reopen proceedings based on new evidence relevant to his claim for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. The BIA did not err as a matter of law in concluding that potential deprivation of an opportunity to attain a high school education does not constitute an "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). To qualify as "exceptional and extremely unusual hardship," the burden imposed on the alien's qualifying relatives "must deviate, in the extreme," from "the hardship that results in the usual, ordinary course when an alien is removed." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Although the agency must consider "whether the children will be deprived of an opportunity to have an education," *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005) (citing *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323–24 (B.I.A. 2002)), neither this court nor the BIA has ever held that deprivation of an opportunity to attain an education is dispositive of "exceptional and extremely unusual hardship." Instead, case law supports the conclusion that this factor alone is insufficient to qualify an alien for cancellation of removal. *Cf. In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471–72 (B.I.A. 2002) (concluding that "the heavy financial and familial burden on the adult respondent, the lack of support from the children's father, the United States citizen children's unfamiliarity with the Spanish language, the lawful

residence in this country of all of the respondent's immediate family, and the concomitant lack of family in Mexico" constituted an "exceptional and extremely unusual hardship," but only "by a close margin"). Accordingly, the BIA did not fail to apply the controlling legal standard.

2. Substantial evidence supports the BIA's determination that Hernandez-Velasco's motion to reopen failed to make out a prima facie case of "exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D); 8 C.F.R. § 1003.2; *Gonzalez-Juarez*, 137 F.4th at 1002–03; *Lemus-Escobar v. Bondi*, 158 F.4th 944, 963–64 (9th Cir. 2025). The new evidence accompanying the motion relates to how removal would detrimentally affect Hernandez-Velasco's three daughters' educational opportunities. At the time of the immigration hearing, his oldest daughter was doing very well in school and had been enrolled in a gifted students program; the new evidence shows that she has been excelling in that program. The new evidence shows that his middle daughter may also be a gifted student. And it shows that his youngest daughter "was recently diagnosed with a 50% developmental delay in speech and is receiving therapy [from] a Speech Pathologist and a Developmental Specialist." Hernandez-Velasco also proffered an article discussing the state of special education services available in Mexico.

This new evidence, considered alongside the evidence in the record, does not

compel the conclusion that there is "a reasonable likelihood" of meeting the statutory hardship standard upon reopening. *Lemus-Escobar*, 158 F.4th at 963. The new evidence relating to his daughters' educational abilities does not materially undermine the agency's determination that "the children, being young, in good health, and able to speak some Spanish, would be able to adjust to life in Mexico." And as the BIA noted, the proffered article demonstrates only that special education programs in Mexico are inferior to and less common than equivalent programs in the United States, not that such programs are nonexistent. *See Andazola-Rivas*, 23 I. & N. Dec. at 323 & n.1. Accordingly, the BIA's denial of reopening was proper.

3. Substantial evidence supports the agency's determination that Hernandez-Velasco's claims for statutory withholding and CAT protection are too speculative. *See Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024); *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Although there has been considerable violence and strife between Hernandez-Velasco's hometown of Santa Maria and the neighboring towns, Hernandez-Velasco's parents and siblings have been living in Santa Maria without incident for years. The continued safety of similarly-situated family members significantly undercuts the likelihood that Hernandez-Velasco will experience the harm necessary to establish persecution or torture upon removal to Mexico. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.

4

2001); *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011).

4. Finally, Hernandez-Velasco argues that we should remand to the agency for consideration of the new developments that have occurred during the prolonged pendency of his case. We cannot do so. The scope of our review is limited to the administrative record on which the decision was based, and we cannot grant relief on grounds that have not been exhausted before the agency. 8 U.S.C. § 1252(b)(4)(A), (d)(1).

**PETITION DENIED.**[1]

---

[1] The motion for stay of removal, Dkt. 1, is denied.