**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL MAGUEYAL VILLAFANA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 22-1086

Agency No.
A205-271-851

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Petitioner Raul Magueyal Villafana, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) decision dismissing an appeal

from an Immigration Judge's (IJ) denial of his application for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. We deny the petition.

Magueyal Villafana challenges the agency's denial of his application for cancellation of removal based upon denial of the hardship to Magueyal Villafana's three minor United States citizen children. We review the agency's hardship determination under the substantial evidence standard and must treat those findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Garland v. Ming Dai*, 593 U.S. 357, 365 (2021). The exceptional and extremely unusual hardship standard is a very demanding one. *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). "[This] hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007 (9th Cir. 2025).

Magueyal Villafana has not demonstrated that the record compels a finding that he satisfied that standard. He argues that his children would suffer psychological harm and lose important familial and financial support if he were removed. However, this hardship does not "deviate, in the extreme," from the hardship ordinarily expected in removal cases. *Gonzalez-Juarez*, 137 F.4th at 1007.

Regarding psychological factors, the agency acknowledged that Magueyal Villafana's children would miss their father significantly if he were removed, but it reasonably concluded that Magueyal Villafana has not shown that his children are

"extremely unusual" or "exceptional" in that way. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that emotional suffering due to separation from family members is a "sadly common" hardship of removal).

Regarding familial and financial support, the IJ noted that Magueyal Villafana's wife has family with lawful status living within one hour who had already helped care for the children during Magueyal Villafana's detention and reasonably inferred that they would be able to continue to assist in case of removal. The IJ also noted that there is evidence that Magueyal Villafana's wife is capable and has been working with her children to provide them with educational support. The agency therefore reasonably concluded that the hardship caused by Magueyal Villafana's removal would not be "exceptional and extremely unusual" in this respect either. *Cf. In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471 (B.I.A. 2002). Accordingly, substantial evidence supports the agency's decision.

**PETITION DENIED.**