**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13935

Non-Argument Calendar

_____

ALMA DELIA HERNANDEZ-REBOLLAR,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-841-611

_____

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Alma Hernandez Rebollar petitions for review of the decision by the Board of Immigration Appeals ("BIA") adopting and af-

firming the Immigration Judge's ("IJ") order denying her application for cancellation of removal. The IJ found that Hernandez Rebollar failed to establish that her removal would cause her United States citizen daughter an exceptional and extremely unusual hardship based on her daughter's age and mental health risks, as well as financial risks rooted in Hernandez Rebollar's husband's medical condition. Hernandez Rebollar argues that the IJ, and BIA, by way of its adoption of the IJ's decision, misapplied the standard for determining whether a hardship is exceptional and extremely unusual within the meaning of the Immigration and Nationality Act ("INA"). Having reviewed the record and read the parties' briefs, we deny Hernandez Rebollar's petition for review.

## I.

"When reviewing a BIA determination that relied on the IJ's decision and reasoning, we review the IJ's decision to the extent that the BIA found the IJ's reasoning was supported by the record, and we review the BIA's decision as to issues on which it rendered its own opinion and reasoning." *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 919 (11th Cir. 2025) (internal quotation marks and alterations omitted). Thus, where the BIA either agreed with the IJ's findings or relied on the IJ's reasoning, we review both the BIA's and the IJ's decisions to the extent of the agreement. *Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1153 (11th Cir. 2014). We review our own jurisdiction and legal issues *de novo*. *Rendon v. U.S. Att'y Gen.*, 972 F.3d 1252, 1256 (11th Cir. 2020). We review for abuse of discretion an IJ's decision to exclude corroborating documents that were untimely filed. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276

(11th Cir. 2009) ("We conclude that the IJ's decision to exclude evidence offered for submission after a court-ordered filing deadline is discretionary.").

## II.

An IJ has discretion to cancel removal for an alien if, among other things, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a U.S. citizen or a lawful permanent resident." *Diaz-Arellano v. U.S. Att'y Gen.*, 120 F.4th 722, 725 (11th Cir. 2024) (quoting INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D)). We generally lack jurisdiction to review "any judgment regarding the granting" of cancellation of removal but retain jurisdiction to review "constitutional claims or questions of law." INA § 242(a)(2)(B)(i), (D), 8 U.S.C. § 1252(a)(2)(B)(i), (D). The Supreme Court held that the application of the exceptional and extremely unusual hardship standard to an established set of facts is a quintessential mixed question of law and fact that courts have jurisdiction to review under § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 212, 144 S. Ct. 780, 785 (2024).

The Supreme Court stated that in evaluating whether an applicant meets the exceptional and extremely unusual hardship standard, an applicant must demonstrate that a qualifying relative would suffer a hardship substantially beyond the ordinary hardships that would result from the applicant's removal, but the applicant need not show an unconscionable hardship. *Id.* at 215, 144 S.

Ct. at 786. In the context of cancellation of removal, the BIA considers "a range of factors, including the age and health of the qualifying family member." *Id.*, 144 S. Ct. at 786.

We review the BIA's "primarily factual" cancellation of removal hardship analysis for substantial evidence. *Lopez-Martinez v. U.S. Att'y Gen.*, 149 F.4th 1202, 1211 (11th Cir. 2025). Under the substantial evidence standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019) (quoting *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004)). To reverse fact findings, we must determine that the record "not only supports reversal, but compels it." *Id.* (quoting *Medoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003)). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1028 (11th Cir. 2004) (en banc).

When the claim of hardship is based on the health of a qualifying relative, "an applicant needs to establish (1) that the relative has a serious medical condition, and (2) if [they are] accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country." *Lopez-Martinez*, 149 F.4th at 1211 (quoting *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020)). This hardship bar is "high" and

conditions satisfying it are "substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Id.* at 1212 (quoting *Flores-Alonso v. U.S. Att'y Gen.*, 36 F.4th 1095, 1098 (11th Cir. 2022), *overruled in part by*, *Wilkinson*, 601 U.S. at 217 n.2, 144 S. Ct. at 787 n.2).

In *Lopez-Martinez*, we held that the BIA's no hardship determination was supported by substantial evidence when it concluded that the qualifying child who suffered from ADHD could access substitute medication and would not be "deprived of all schooling." 149 F.4th at 1212. We noted that, while the IJ could have been more comprehensive in the opinion, it was only required to "consider" all the evidence, not "discuss each piece of evidence" before it. *Id.* (quoting *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1292 (11th Cir. 2020)). We concluded by stating that while it was "possible that alternative inferences might have been drawn from the record that would have been more favorable to [the petitioners]," and that "removing [the petitioners] may very well cause [the qualifying child] some—even much—hardship," the standard was high, and the IJ's substantial evidence review was deferential. *Id.*

While the agency may not reject a noncitizen's testimony or evidence arbitrarily, the agency is free to credit part, rather than all, of the testimony or evidence. *Garland v. Ming Dai*, 593 U.S. 357, 365–66, 141 S. Ct. 1669, 1677 (2021). Further, the agency may find even credible testimony unpersuasive or insufficient to meet the noncitizen's burden of proof. *Id.* at 371–73, 141 S. Ct. at 1680-81

(noting that it is "not always the case that credibility equals factual accuracy, nor does it guarantee a legal victory").

IJs have administrative control over the removal hearing and "may set and extend time limits for the filing of applications and related documents and responses thereto, if any."  8 C.F.R. § 1003.31(h).  "If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived."  *Id.*

## III.

First, we conclude that we have jurisdiction to review Hernandez Rebollar's petition because she challenges the IJ's application of the hardship analysis, which the Supreme Court has instructed is a reviewable mixed question of fact and law.  *See Wilkinson*, 601 U.S. at 212, 144 S. Ct. at 785.

Next, based on the record, we conclude that Hernandez Rebollar fails to show that the IJ's decision was not supported by substantial evidence in the record.  While Hernandez Rebollar argues that the IJ "fragmented" the evidence and did not analyze the hardship Hernandez Rebollar's removal would cause her daughter, Alondra, the record shows that the IJ detailed multiple hardship factors that Hernandez Rebollar's removal would cause her daughter and recognized the way those factors worked in concert based on Hernandez Rebollar being "the central figure in the family." (AR at 60–64) (IJ describing the emotional, mental, and financial hardships Hernandez Rebollar's removal would cause Alondra).

Based on other BIA decisions, and under the deferential substantial evidence standard of review, we conclude that substantial evidence supports the IJ's finding that Alondra's hardship amounted to the ordinary struggles caused by the removal of a family member. Hernandez Rebollar did not provide medical information on Alondra's asserted serious health condition or persuasive evidence that her husband, Ruiz, would entirely cease working if Hernandez Rebollar were removed from the United States. Like the IJ, we find that the struggles Alondra would face based on her emotional state and Ruiz's earning capacity are closer to the emotional adjustment and risk of a lowered standard of living faced in *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001) (although applicant had lived and worked in United States for 20 years, had two school aged children and two lawful resident parents, the BIA found he did not satisfy high burden), and *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002) (single parent applicant with two children and diminished educational and economic opportunities in Mexico).

Although Hernandez Rebollar contends that her situation is similar to the applicant's case in *Matter of Gonzalez Recinas*, 23 I. & N. Dec. 467 (BIA 2002), we disagree. The applicant in that case was a single mother of six children who had limited financial resources and parents who were lawful permanent residents of the United States, and she had no relatives in Mexico, unlike Hernandez Rebollar, who has close relatives in Mexico. Further, Hernandez Rebollar is still capable of employment, and Ruiz would remain to care for Alondra, along with other family members in the United

States.  We also find no merit to Hernandez Rebollar's contention that the IJ could have drawn different conclusions from the record more favorable to her.  This court has held that the bar for establishing hardship for cancellation of removal is high, and Hernandez Rebollar does not meet that burden.  *Lopez-Martinez*, 149 F.4th at 1212.

Additionally, while Hernandez Rebollar argues that the IJ legally erred by finding her testimony credible but not finding it entirely persuasive, it was not required to do so and was able to find portions of her credible testimony unpersuasive or insufficient to meet the hardship standard.  *See Ming Dai*, 593 U.S. at 365–66, 371–73, 141 S. Ct. at 1677-78, 1680-81.  The IJ also did not abuse its discretion in denying Hernandez Rebollar's untimely filed exhibits because it was within its discretion to set time limits for filing exhibits and to determine that Hernandez Rebollar could have submitted certain exhibits earlier.  *See Tang*, 578 F.3d at 1276; 8 C.F.R. § 1003.31(f).

Accordingly, based on the record, we conclude that the IJ's decision, adopted by the BIA, was based on substantial evidence, and we deny Hernandez Rebollar's petition for review.

**PETITION DENIED.**