NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0217n.06

Case No. 25-3879

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FORTUNATO MARTINEZ-GARCIA,

 Petitioner,

v.

TODD W. BLANCHE, Acting U.S.
Attorney General

 Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 18, 2026
KELLY L. STEPHENS, Clerk

ON PETITION FOR REVIEW FROM
THE UNITED STATES BOARD OF
IMMIGRATION APPEALS

OPINION

Before: GIBBONS, MURPHY, and HERMANDORFER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Petitioner Fortunato Martinez-Garcia seeks review of the Board of Immigration Appeals ("BIA" or "the Board") order affirming the judgment of the immigration judge ("IJ") denying his application for cancellation of removal from the United States. Martinez-Garcia contends that both the IJ and BIA committed legal error by determining that he did not present evidence demonstrating that his deportation would cause his qualifying relatives to suffer exceptional and extremely unusual hardship. For the reasons discussed below, we deny the petition for review and affirm the BIA.

**I.**

After multiple failed attempts, Martinez-Garcia successfully entered the United States from Mexico without inspection in 1999. He traveled here seeking economic opportunities for his family, as he was newly married and his wife, Rosa, was pregnant. A few years later, Rosa joined Martinez-Garcia in America with their then-infant daughter, Heidi. The couple had two more

children together following their entrance into the states, both of whom were born in Ohio: J.A.M. (2008) and J.E.M. (2010).

On May 13, 2009, the Department of Homeland Security ("DHS") initiated removal proceedings against Martinez-Garcia by filing a Notice to Appear with the Cleveland, Ohio immigration court. Martinez-Garcia admitted to the allegations made in the Notice to Appear and conceded his removability.

However, on January 29, 2010, Martinez-Garcia filed for cancellation of removal. Under the Immigration and Nationality Act ("INA"), the Attorney General may cancel the removal of a deportable noncitizen if the noncitizen demonstrates that they have: (1) been physically, continuously present in the U.S. for a minimum of 10 years prior to their cancellation application; (2) "been a person of good moral character during [that] period"; (3) no convictions of a disqualifying offense; and (4) "establishe[d] that removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse, parent, or child" who is a U.S. citizen or lawfully admitted permanent resident. *See* 8 U.S.C. § 1229b(b)(1)(A)–(D). Martinez-Garcia claimed that his deportation would cause exceptional and extremely unusual hardship to his American-born children, warranting relief under the INA. At the time of his removal hearing, Martinez-Garcia and his wife had been separated for about nine years and his wife retained custody of the children.

The IJ found Martinez-Garcia to be credible and of good moral character, and DHS stipulated that he satisfied the ten-year continuous physical presence requirement, had the requisite qualifying relatives, and lacked any disqualifying offenses, as mandated by the INA. However, the IJ ultimately concluded that Martinez-Garcia failed to establish that his qualifying relatives,

his children J.A.M. and J.E.M., would suffer exceptional and extremely unusual hardship as the result of his deportation.

In its decision, the IJ discussed at length the evidence presented at the removal hearing through Martinez-Garcia's testimony, the only testimony offered. The judge noted that the children lived with their mother and Martinez-Garcia visited daily, but the children would remain in the U.S. should he be removed. Despite this, the IJ recognized that Martinez-Garcia's departure would impact the children both economically and emotionally due to their dependence on their father. The IJ confirmed that Martinez-Garcia's mother and sister still lived in the family home in Mexico where he also lived before traveling to the U.S. And the IJ determined that there was no evidence offered that demonstrated Martinez-Garcia "would be unable to return to this home" after being removed. AR 56, IJ Oral Decision. The IJ also noted that both Martinez-Garcia and his wife were able to work, and no evidence pointed to any serious medical conditions suffered by him, his wife, or the children. Indeed, the IJ found that Martinez-Garcia provided evidence that he could earn money once removed to Mexico and send it to his children. Ultimately, while the IJ recognized that Martinez-Garcia's removal would have a "negative impact," it determined "that this hardship is not distinguishable from the hardship that all families in [Martinez-Garcia's] family situation ordinarily experience" and did "not rise to the level required by the [INA]." *Id.* at 59.

Martinez-Garcia appealed to the BIA, and the Board adopted and affirmed the IJ's decision. The Board specifically upheld the IJ's determination that Martinez-Garcia failed to demonstrate that his removal to Mexico would result in exceptional and extremely unusual hardship to his qualifying children. The Board further recognized that Martinez-Garcia did not identify any clear errors of fact or law within the IJ's decision.

Martinez-Garcia submitted a timely petition to our court requesting review of the BIA's order.

## II.

The parties dispute which standard of review we should apply in analyzing Martinez-Garcia's petition. Martinez-Garcia asserts that we review the IJ's application of the hardship standard to the underlying facts de novo because *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires that we review the Board's order without deference to the agency's interpretation of the statute. On the other hand, the government asks us to apply the "substantial evidence" standard of review. CA6 R. 12, Resp't Br., at 24. Because of recent developments in the jurisprudence of both our circuit and the Supreme Court, we find that the government's proffered standard governs Martinez-Garcia's claim.

Generally, we may review final orders of removal. 8 U.S.C. § 1252(a)(1); *Galvez-Bravo v. Garland*, 119 F.4th 1038, 1040 (6th Cir. 2024). Where "the BIA issues its own decision rather than summarily affirming the IJ," we review the BIA decision as the final agency determination, and the IJ decision to the extent the BIA adopted it. *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). Regarding cancellation of removal applications, we may review "certain legal questions" contained within the agency's denial. *Hernandez v. Garland*, 59 F.4th 762, 767 (6th Cir. 2023). The Supreme Court has recognized that a petition challenging the application of the exceptional and extremely unusual hardship standard to a given set of facts presents a "quintessential mixed question of law and fact," and is therefore reviewable by our court under § 1252(a)(2)(D) as a question of law. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *see also Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021).

Previously, we simply applied a "more deferential standard of review" to this mixed question. *See, e.g.*, *Rahman v. Bondi*, 131 F.4th 399, 406–07 (6th Cir. 2025) (quoting *Wilkinson*, 601 U.S. at 222). As recently as last month, however, we clarified the precise "metric" by which we review the Board's application of the hardship standard under the INA. *See Baltazar Us v. Blanche*, No. 25-3504, --- F.4th ----, 2026 WL 1162684, at *2 (6th Cir. Apr. 29, 2026). Citing the Supreme Court's recent opinion in *Urias-Orellana v. Bondi*, 146 S. Ct. 845 (2026), we held that a hardship finding is appropriately analyzed under the "substantial-evidence" standard outlined in § 1252(b)(4)(B). *Id.*; *see also Urias-Orellana*, 146 S. Ct. at 851. Under this substantial evidence standard, the "Board's determination that a given set of undisputed facts does not rise to the level of exceptional and extremely unusual hardship is 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Baltazar Us*, --- F.4th ----, 2026 WL 1162684, at *2 (quoting 8 U.S.C. § 1252(b)(4)(B)). We evaluate Martinez-Garcia's petition under this standard.

### III.

Martinez-Garcia argues that "[t]he IJ and BIA committed multiple legal errors in applying the 'exceptional and extremely unusual standard' under [the INA]." CA6 R. 11, Pet. Br., at 20 (quoting 8 U.S.C. § 1229(b)(1)(D)). The error, according to him, arose when "[t]he IJ failed to conduct a cumulative and aggregate analysis of the hardship factors" as required by BIA precedent. *Id.* at 21. Because the BIA adopted the IJ's decision regarding the application of the exceptional and extremely unusual hardship standard, we review the IJ's decision for error. *See Harmon*, 758 F.3d at 732. Finding no such error, we affirm the IJ's denial of Martinez-Garcia's removal cancellation as conclusive because no reasonable adjudicator would be compelled to conclude to the contrary. *Baltazar Us*, --- F.4th ----, 2026 WL 1162684, at *2.

To evaluate whether the IJ properly analyzed Martinez-Garcia's claim of hardship, we first confirm which legal standards form the structure of the hardship inquiry. We have previously held that the BIA's articulation of the hardship inquiry—which requires a petitioner to "'establish that his qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of [a noncitizen] with close family members here'"—is consistent with "our independent assessment of the statute's meaning." *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 422 (6th Cir. 2024) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)); *see also Wilkinson*, 601 U.S. at 222 (same). "[T]he IJ must 'consider the ages, health, and circumstances of qualifying . . . United States citizen relatives,' including 'family ties in the United States and abroad[.]'" *Montanez-Gonzalez v. Holder*, 780 F.3d 720, 723 (6th Cir. 2015) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). When evaluating hardship, "all hardship factors should be considered in the aggregate." *Monreal-Aguinaga*, 23 I. & N. Dec. at 64; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) ("[The hardship analysis] requires the assessment of hardship factors in their totality, often termed a 'cumulative' analysis."); *Diaz-Roblero v. Garland*, No. 23-3873, 2024 WL 3596873, at *2 (6th Cir. July 31, 2024) (similar).

We are satisfied that the IJ correctly identified the applicable law in its analysis of Martinez-Garcia's application for cancellation of his removal. In the addendum to its opinion, the IJ cited BIA precedent requiring the IJ to consider all hardship factors in the aggregate, including the petitioner's age, health, length of residence in the U.S., and family and community ties in the U.S. and abroad. Moreover, the IJ confirmed that it considered all of the evidence presented by Martinez-Garcia in support of his cancellation application. The IJ therefore recognized the proper analysis to undertake when deciding Martinez-Garcia's application. *See Diaz-Roblero v. Garland*,

2024 WL 3596873, at *2 (IJ conducted the correct legal analysis because "[t]he addendum of governing law that the judge incorporated into her opinion noted that she had to consider all the evidence in the 'aggregate'" and noted that she considered all evidence); *Pablo-Ventura v. Bondi*, No. 25-3071, 2025 WL 3459588, at *3 (6th Cir. Dec. 2, 2025) (confirming IJ properly analyzed the hardship factors in the aggregate because it explicitly stated that it had done so).

The IJ also clearly analyzed the proper law correctly. In its opinion, the IJ noted Martinez-Garcia's age, his lack of any medical conditions, and considered his ties to both the United States and Mexico, with careful attention to his connections to family members in both countries. *See Monreal-Aguinaga*, 23 I. & N. Dec. at 63; *see also Baltazar Us*, --- F.4th ----, 2026 WL 1162684, at *2. The IJ examined the financial impact that Martinez-Garcia's removal would have on his children and specifically noted the role he plays in the children's health insurance and their weekly food expenses. *See Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64. Indeed, the IJ acknowledged that Martinez-Garcia's "departure would impact the kids economically, and it would be emotional due to the separation because the qualifying relatives are dependent on the respondent." AR 56, IJ Oral Decision. And after considering all these facts, the IJ concluded that the hardship that would be suffered by Martinez-Garcia's qualifying relatives "[was] not distinguishable from the hardship that all families in [Martinez-Garcia's] family situation ordinarily experience." *Id.* at 59. The IJ therefore conducted the correct analysis. *See Hernandez v. Bondi*, No. 25-3226, 2025 WL 3541837, at *2 (6th Cir. Dec. 10, 2025) (the IJ "applied the proper test" because it "relied on *Monreal-Aguinaga* and [other BIA precedent] and expressly evaluated hardship 'in the aggregate'").

We thus conclude that the IJ's decision shows that it considered the relevant hardship factors in the aggregate, and the BIA did not deny Martinez-Garcia's removal cancellation

application "without engaging in a cumulative analysis," by affirming that decision, as Martinez-Garcia claims in his petition for review. CA6 R. 11, Pet. Br., at 23. We further disagree with his contention that the IJ "focused on the factors individually and failed to engage in a cumulative analysis of all [the] relevant factors" when analyzing the hardship requirement. *Id.* Nothing in the IJ's decision leads us to conclude that the judge isolated certain factors such that it failed to engage in the requisite cumulative analysis of all relevant factors. Instead, we find that the IJ appropriately considered the relevant factors in the aggregate and ultimately determined that they did not evince a hardship suffered at the level required by the INA. Indeed, we have recognized that cancellation of removal "is to be limited to truly exceptional and very uncommon situations." *Araujo-Padilla v. Garland*, 854 F. App'x 646, 650 (6th Cir. 2021) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 59, 62) (citation modified). We uphold the agency's determination that Martinez-Garcia did not present such circumstances.

## IV.

For the foregoing reasons, we find Martinez-Garcia statutorily ineligible for cancellation of removal and therefore deny his petition for review.